Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000637
25-MAR-2014
08:51 AM

NO. CAAP-11-000637

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE SHARON M.Y. YOUNG
REVOCABLE LIVING TRUST AGREEMENT DATED APRIL 28, 1995

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. T-05-1-0001)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza JJ.)

Petitioner-Appellant Mark WS Young (**Young**), a beneficiary of the Sharon M.Y. Young Revocable Living Trust Agreement dated April 28, 1995 (**Trust**), appeals *pro se* from two August 1, 2011 judgments entered by the Circuit Court of the First Circuit (**Circuit Court**),[1] the Judgment on Order Denying Beneficiary Mark W.S. Young's Petition to Remove Trustee and the Judgment on Order Granting Remainder of Trustee's Petition for Instructions. On this appeal, Young also challenges: the Circuit Court's December 2, 2008 Order Denying Beneficiary Mark WS Young's Petition to Remove Trustee;[2] the Circuit Court's November 10, 2010 Order Granting Remainder of Trustee's Petition for Instructions; the Report of the Master Concerning Beneficiary Mark WS Young's Petition to Remove Trustee, filed on February 29, 2008; the Supplemental Report of the Master Concerning Beneficiary Mark WS Young's Petition to Remove Trustee, filed on

---

[1] The Honorable Derrick H.M. Chan presiding, except as otherwise indicated.

[2] The Honorable Colleen K. Hirai presiding.

May 5, 2008; and two November 10, 2010 judgments which were entered by the Circuit Court, but which failed to contain the findings necessary to establish appellate jurisdiction.

On appeal, Young principally contends that the Circuit Court erred when it declined to remove James Francis Vrechek (**Vrechek** or **Trustee**) as the Trustee of the Trust.  Young raises the following points of error:  (1) the Circuit Court improperly determined that Vrechek was honest and trustworthy enough to be a trustee; (2) the Circuit Court failed to apply existing Hawai'i law on trustee removal; (3) the Master appointed by the Circuit Court had a conflict of interest because he represents trustees and he is using his master position to lobby for new law to make it harder to remove a trustee; (4) the Master failed to adequately investigate the Trustee's accountings, including that he failed to investigate whether the Trustee embezzled $49,000 from the Trust; and (5) the Circuit Court improperly adopted the Master's report, which did not support removal of the Trustee.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, applicable authorities, and the issues raised by the parties, we resolve Young's points of error as follows:

The Hawai'i Supreme Court has adopted the following standard with respect to our review of the Circuit Court's denial of Young's request to remove the Trustee:

> The power of a court of equity to remove a trustee is a discretionary power and its exercise will not be disturbed on appeal unless the discretion has been abused. . . .  The question primarily before us in this case is not whether this court would remove the trustees for these causes, if the trustees were on trial here; but it is whether the trial court, in refusing to remove them for these causes, did or did not wisely exercise the discretion which the law empowers it to exercise in such cases. . . .  Whether a trustee should or should not be removed is a question addressed to the sound discretion of the court, and is dependent upon the circumstances of each particular case. . . .  A court of equity may and will remove a trustee who has been guilty of some <u>breach of trust or violation of duty</u>. The exercise of this function by a court of equity belongs to what is called its <u>sound judicial discretion</u> and is not controlled by positive rules except that the discretion must not be abused.

2

In re Holt's Trust Estate, 33 Haw. 352, 356-57 (1935) (citations and internal quotation marks omitted; emphasis in original).

We reject Young's argument that the Circuit Court abused its discretion when it refused to remove Vrechek as trustee of the Trust because he had used the designation "CPA" on his letterhead during the time period during which Vrechek had prepared tax returns for Young's mother, and/or because, in 1976, Vrechek had been held jointly and severally liable for a (long-since satisfied) judgment for certain taxes owed by a business Vrechek had worked for as the controller.

Young has cited no evidence in the record supporting his suggestion that Trust funds were embezzled and/or otherwise missing, and therefore the Trustee should be removed; we find none.[3] Young's contention that the Trustee should be removed based on the Trustee's counsel's initial response to a request for inspection of "all trust records" is meritless.

Young does not point to where in the record he objected to the appointment of the Master, or sought the removal of the Master, based on the alleged conflict of interest. Moreover, Young's contention that the Master's citation to non-Hawai'i case law, in light of the Master's representation of the trustees of Bishop Estate/Kamehameha Schools and other trustees in other cases, evidenced an improper attempt to benefit the Master's other clients and/or created an appearance of impropriety, is without merit. Young otherwise fails to support his contention that the Circuit Court abused its discretion when it adopted the Master's recommendation that the Trustee need not be removed.

---

[3] No issues were raised on this appeal concerning the approval of the Trust's accounts, if any such orders have been entered.

For these reasons, the Circuit Court's August 1, 2011 judgments are affirmed.

DATED: Honolulu, Hawai'i, March 25, 2014.

On the briefs:

Mark WS Young
Petitioner-Appellant Pro Se

Jerry A. Ruthruff
for Trustee JAMES FRANCIS
VRECHEK, Appellee

Presiding Judge

Associate Judge

Associate Judge